**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | | |
|---|---|---|
| CRISTIAN URIEL MARTINEZ LUNA,<br><br>Petitioner,<br><br>v.<br><br>CHRISTOPHER BULLOCK,<br><br>Respondent. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 2:26-cv-02833-TLP-cgc |

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner Cristian Uriel Martinez-Luna, a noncitizen detained in the Western District of Tennessee, petitions for a Writ of Habeas Corpus under 28 U.S.C. § 2241. (ECF No. 2.) The Court ordered Respondent to show cause why the Writ should not be granted. (ECF No. 5.) Respondent responded. (ECF No. 7.) Petitioner replied. (ECF No. 8.)

The Court then entered an Order for Supplemental Briefing to allow the Parties to clarify their arguments about any Fourth Amendment claim that Petitioner might have advanced. (ECF No. 9 at PageID 35.) Respondent then filed another Response. (ECF No. 10.) Petitioner however did not.

For the reasons below, the Court **DENIES** the Petition and **DISMISSES** this case **WITHOUT PREJUDICE**.

**BACKGROUND**

Petitioner is a noncitizen who challenges the legality of his ongoing detention. (ECF No. 2 at PageID 3, 8.) State law enforcement detained him and called U.S. Immigration and Customs Enforcement ("ICE"). (*Id.* at PageID 8.) Petitioner has been detained since May 18, 2026. (*Id.*)

Petitioner's Notice to Appear states that he is charged under the Immigration and Nationality Act. (ECF No. 7-1 at PageID 24.) The Notice asserts that Petitioner is "an immigrant not in possession of a valid unexpired immigrant visa, reentry permit, border crossing card, or other valid entry document required by the" INA. (*Id.*) Petitioner is in custody at the West Tennessee Detention Center. (*See, e.g.*, ECF No. 2 at PageID 2.)

Petitioner alleges that his detention is unlawful. (*See id.* at PageID 3, 7.) He recognizes that he has not appealed the detention decision, filed a grievance, or sought an administrative remedy. (*Id.* at PageID 3–8.) And he seeks immediate release from custody or an individualized bond hearing. (*Id.* at PageID 9.)

Respondent argues that the Court should dismiss the Petition because Petitioner failed to exhaust his remedies. (ECF No. 7 at PageID 17.)

## ANALYSIS

Federal courts must require administrative exhaustion where Congress "specifically mandates" it. *McCarthy v. Madigan*, 503 U.S. 140, 144 (1992). But when, as here, no statute mandates exhaustion, whether to require exhaustion of administrative remedies lies within "sound judicial discretion." *See id.*

In exercising that discretion, "federal courts must balance the interest of the individual in retaining prompt access to a federal judicial forum against countervailing institutional interests favoring exhaustion." *Id.* at 146; *see Smith v. U.S. Sec. & Exch. Comm'n*, 178 F.4th 312, 325 (6th Cir. 2026) ("This rule is designed to afford the agency the opportunity to reconsider its position in the first instance, and to promote efficient litigation."). The institutional interests relevant here are "protecting administrative agency authority and promoting judicial efficiency." *McCarthy*, 503 U.S. at 145.

At times, the interest of the individual weighs heavily against the institutional interests at stake. One example is when an "unreasonable or indefinite timeframe for administrative action" creates "undue prejudice." *Id.* at 146–47. Another is when administrative remedies are inadequate because an agency is not "empowered to grant effective relief." *Id.* at 147 (citation modified). And "an administrative remedy may be inadequate where the administrative body is shown to be biased or has otherwise predetermined the issue before it." *Id.* at 148. A court may also waive exhaustion when pursuing administrative remedies would be futile. *Shearson v. Holder*, 725 F.3d 588, 594 (6th Cir. 2013).

It is true that this Court has excused exhaustion for some noncitizens challenging their detention before ruling on their petitions. That was before the Sixth Circuit's decision in *Lopez-Campos*. *See Lopez-Campos v. Raycraft*, 175 F.4th 713 (6th Cir. 2026). In those cases, administrative exhaustion was futile. *See, e.g.*, *Urrutia-Diaz v. Ladwig*, No. 25-3098, 2025 WL 3689158, at *4 (W.D. Tenn. Dec. 19, 2025).

But the Court now doubts that approach given the Sixth Circuit's ruling in *Lopez-Campos* and Respondent's commitment to apply its holding in the many habeas cases the Court considers each week. *Soto-Vieyra v. Bullock*, No. 2:26-cv-03009-TLP-TMP, 2026 WL 2634138, at *2 (W.D. Tenn. Sept. 8, 2026). And with these developments in mind, the Court finds it more appropriate here to abide by "the general rule that parties exhaust prescribed administrative remedies before seeking relief from federal courts." *McCarthy*, 503 U.S. at 144–45; *see also Bartolon v. Bondi*, 813 F. Supp. 3d 811, 825 (S.D. Ohio 2025) ("Petitioner's apparent attempt to sidestep the BIA appeals process in favor of habeas review highlights the need for an exhaustion requirement here to protect agency authority, limit interference with agency affairs, and promote judicial efficiency.").

As a result, Petitioner must exhaust his available administrative remedies before seeking federal judicial intervention. As for the Court's Order allowing the Parties to provide supplemental briefing, only Respondent explained why the Court should dismiss the Petition despite Petitioner's allegations about an unlawful stop. (*See* ECF Nos. 9, 10.) Because the Court exercises its discretion to require Petitioner to exhaust administrative remedies, it declines to address whether Petitioner's detention violates the Fourth Amendment.

## CONCLUSION

Because Petitioner failed to exhaust his administrative remedies, the Court **DENIES** the Petition and **DISMISSES** this case **WITHOUT PREJUDICE**.

**SO ORDERED**, this 30th day of September, 2026.

s/Thomas L. Parker
THOMAS L. PARKER
UNITED STATES DISTRICT JUDGE